BACON'S AD. VS. TATE.

The plaintiff and defendant in an action of ejectment, both claiming under deeds from the Governor for a tract of swamp land, the deed of oldest date will prevail.

*Appeal from Ouachita Circuit Court.*

Hon. HARRIS FLANAGIN, Special Judge.

GALLAGHER and KNIGHT, for appellant.

GARLAND & RANDOLPH, for the appellee.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

E. C. Bacon of whom, being dead, Rainey is the legal representative, brought his action of ejectment in the Circuit Court of Ouachita county against the appellee for two tracts of land, of which he recovered one. The verdict of the jury did not respond to Bacon's claim of the other piece of land, the east-half of the south east quarter of section three, in township eleven, south of range eighteen west, but considering that to be a finding against his claim, Bacon moved for a new trial because the verdict was against law and evidence, and because the court permitted improper evidence to go to the jury ; and upon his motion being overruled, appealed.

The verdict was not against evidence, if that introduced by the appellee to show title in himself was admissible, as the court below decided it to be, against the objection of Bacon.

That evidence was first a copy of a certificate from the Secretary of the Board of Swamp Land Commissioners, that the

appellee, on the 31st of January, 1853, applied at his office to enter the land in controversy, in payment for levee work done, and received by the Board of Swamp Land Commissioners, or scrip.    This certificate was marked, "received and filed, and " patent certificate issued, No. 98, Jan. 7th, 1856.

B. F. HEMPSTEAD, Land Agent."

The second part of the appellee's evidence was a deed, from the Governor of this State, of the land to the appellee, which referred to the patent certificate, and is dated 11th January, 1856.

Both parties claimed the land under deeds from the Governor as part of the swamp land grant, but that of Bacon was subsequent to the deed of the appellee, bearing date the 15th of January, 1856.    It referred to a certificate of entry issued by the Land Agent, on the 10th of December, 1855.

If we are allowed to look beyond the deeds, which we doubt, thinking them to be the sources of legal title, the inception of Bacon's title was on the 10th of December, 1855, that of the appellee the 31st of January, 1853 ; while the former was consummated by deed on the 15th of January, 1856, and that of the latter on the 11th of the same month.

Bacon's title was then overthrown by that of the appellee, which is prior in point of time, which makes it paramount in legal right, if the evidence of the appellee was admissible.    We do not see why the deed to the appellee was not evidence.    The deeds were issued by the same authority, were both under the seal of the State, both signed by its Chief Executive Officer, upon whom the law charged the conveyance of the swamp lands.

If the deed to the appellee was not well founded from illegality of the certificate of Butts, from a wrongful issue of a patent certificate thereon by the Land Agent, or from an unadvised issuance of the deed itself, it nevertheless is the fact that the previous steps of the appellee's title were considered good by the State authorities, and that the deed conferred the legal title of the State on the 11th January, 1856, so that on the 15th

of that month the State had no interest to convey to Bacon. The oldest patent must prevail in a court of law. *Bagnell vs. Broderick,* 13 *Pet.* 450; *Stoddart vs. Chambers,* 2 *How.* 318.

If Bacon's right to the land were the better, it was still an equitable right, which was not available to him in this action of ejectment. *Campbell vs. Garvin,* 5 *Ark.* 491.

Let the judgment be affirmed.